[PUBLISH]

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**OCTOBER 6, 2000**
**THOMAS K. KAHN**
**CLERK**

_____

No. 98-5686

_____

D.C. Docket No. 98-321-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT BUTER, a.k.a. Robert Le Blanc, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 6, 2000)**

Before TJOFLAT, HILL and POLITZ[*], Circuit Judges.

POLITZ, Circuit Judge:

_____

[*]Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

Robert Buter appeals his sentence of thirty-one months imprisonment plus a $1,500 fine for importation of marihuana in violation of 21 U.S.C. § 952(a). For the reasons assigned, we vacate the sentence in part and remand for appropriate resentencing.

## BACKGROUND

Buter, a.k.a. Robert LeBlanc and Robert Lablanc, asserts on appeal that the district court erred by assessing a total of six criminal-history points based upon sentences imposed for two state probation revocations. Because the state imposed concurrent terms of imprisonment for the state convictions, and ordered the accrual of those terms concurrent with a federal sentence that Buter had served previously, he contends that he was not imprisoned for these two convictions within the meaning of U.S.S.G. § 4A1.2(b), comment (n.2). Further, for the first time on appeal, Buter claims that the court erred in imposing a $1,500 fine because the record conclusively established his inability to pay.

## ANALYSIS

Whether a particular guideline applies to a given set of facts is a question of law which we review *de novo*.[1] Claims raised for the first time on appeal generally

---

[1]United States v. Rockman, 993 F.2d 811 (11th Cir. 1993), cert. denied, 510 U.S. 1080 (1994).

are reviewed for plain error.[2]

The essential issue to be decided herein is whether the state court sentences of twenty-seven months, imposed to run concurrently with the previously completed federal sentence, constitute "imprisonment" under the guidelines. We conclude they do not. The language of the sentencing guidelines occasions a cause for pause in the proper calculation to be made in an instance as is here presented. Section 4A1.1 provides for the computation of a defendant's criminal history category. Under this section, the sentencing court is to:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

Section 4A1.2(b) defines "sentence of imprisonment" as "a sentence of incarceration." Application Note 2 to this section reads:

> Sentences of Imprisonment. To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence. . . . . For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum. That is, criminal history points are based on the sentence pronounced, not the length of time actually served.

---

[2]United States v. Harness, 180 F.3d 1232 (11th Cir. 1999).

3

Buter underscores the definitional note "to qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence," maintaining that because he was never actually confined for these offenses, neither should be deemed a sentence of imprisonment for purposes of § 4A1.1(a). Rather, he insists they should be addressed under § 4A1.1(c) as "prior sentence(s) not counted in (a) or (b)."

The matter is *res nova* for this circuit. We find a measure of guidance from our sister circuits and their treatment of related questions. Our colleagues in the Tenth Circuit have declared that the phrase "sentence of incarceration" in § 4A1.2(b) "suggests that physical confinement is a key distinction between sentences of imprisonment and other types of sentences."[3] Our Fifth Circuit colleagues have held that, "Clearly, the Sentencing Guidelines require that (1) a sentence exceed one year and one month, and (2) that some time actually be served on that sentence before assessing three additional points to a defendant's criminal history."[4] Buter's state sentences of twenty-seven months obviously satisfy the first prong of the analysis. The critical question is whether he actually served time

---

[3]United States v. Vanderlaan, 921 F.2d 257, 259 (10th Cir. 1990). See also United States v. Brooks, 166 F.3d 723 (5th Cir. 1999) (agreeing with the Tenth Circuit's analysis that physical incarceration is the key to distinguishing between a "sentence of imprisonment" and other "sentences").

[4]United States v. Brown, 54 F.3d 234 (5th Cir. 1995).

4

on those sentences.  We must answer this question in the negative.  Buter walked into and out of the state courtroom a free man.  He did not spend one moment in custody or confinement for the sentences imposed by the state court for his probation violations. Instead, that court chose, as was its prerogative, to allow for the disposition of the probation violations by giving credit for time served in a prior, totally unrelated case.

We also find enlightening the Fourth Circuit decision in United States v. Stewart[5] wherein the defendant was held in state custody for 24 days pending a parole revocation hearing.  At the hearing, the state court determined that Stewart was guilty of violating his parole, but it did not revoke same, and he was not reincarcerated.  Our colleagues held that the term "sentence of imprisonment" did not include the pre-hearing detention, despite the court's determination that Stewart did, in fact, violate his parole.  In its holding, the court stated, "section 4A1.1(e) of the United States Sentencing Guidelines does not contemplate the assessment of criminal history points on the basis of detentions of defendants who are awaiting parole revocation hearings, *when those revocation hearings do not result in reincarceration or revocation of parole*.  Indeed, to allow such an assessment of criminal history points would be to allow Stewart to be penalized for

---

[5]49 F.3d 121 (4th Cir. 1995).

something for which the state authorities themselves decided not to punish him."[6]

Much like in <u>Stewart</u>, to permit assessment herein of three criminal history points for the state parole violations would be penalizing Buter for something which the state authorities determined was not deserving of further incarceration. In addition, unlike Stewart, Buter was never detained on his parole violation charges, either prior to or after his convictions thereof.

Our conclusion today is further supported by the manner in which the guidelines treat suspended sentences. The state court could have imposed a suspended sentence for Buter's violations. Had the court done so, the guidelines would provide for the imposition of only one point for the suspended sentence. It is patently unreasonable to punish a defendant by adding three points in the sentencing equation for a sentence which had no detrimental repercussions whatsoever, either in the past or in the future, but count only one point for a suspended sentence which, if revoked, could result in the defendant's imprisonment.

For these reasons, we conclude that Buter should have received only one sentencing point for each of these offenses, resulting in a guidelines criminal history category of III. We must therefore vacate Buter's sentence as it relates to

_____

[6]<u>Id</u>. at 125.

the period of incarceration.  We find no clear error, however, in the fine assessed and that part of the sentence is affirmed.

The sentence of imprisonment is VACATED and the matter is REMANDED for resentencing. The fine imposed is AFFIRMED.