**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antwain D. SMITH, Defendant–
Appellant.**

**No. 01–1994.**

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 7, 2001.

Decided Aug. 15, 2001.

Before COFFEY, KANNE, WILLIAMS, Circuit Judges.

ORDER

Antwain Smith received two concurrent 18–month prison sentences after pleading guilty to two counts of assaulting a federal corrections officer. He brought this appeal to challenge the district court's calculation of his criminal history category, which included four points under U.S.S.G. § 4A1.1(b) for two prior traffic offense convictions. For these convictions, Smith had received two concurrent 60–day sentences with credit for time served during his period of incarceration for another offense. Smith contends that he never actually served a "sentence of imprisonment" and that the district court therefore erred in imposing criminal history points for those convictions. We affirm.

While incarcerated at the Federal Correctional Institution in Greenville, Illinois for unlawfully possessing a firearm despite prior felony convictions, Smith was involved in an altercation with several correctional officers. According to a stipulation signed by both parties, the cook supervisor Edward James asked Smith to move away from an area where another inmate was being subdued. Smith refused and struck James' arm, which was outstretched in an effort to block Smith's access to the other inmate. James called

for assistance, and when other officers arrived, Smith struck one officer in the chin with his fist and then began swinging his arms wildly, hitting another officer in the mouth with his elbow. Following this incident, Smith was charged with two counts of assaulting a corrections officer in violation of 18 U.S.C. § 111(a) and (b). He entered open guilty pleas on both counts.

In preparing the presentence investigation report (PSR), the probation officer calculated the sentencing guideline range as 18 to 24 months, based on Smith's total offense level of 9 and his category V criminal history. In reaching this result, the probation officer included four criminal history points for two prior traffic violations for which Smith received two 60–day sentences. The 60–day sentences, however, ran concurrently with a separate sentence Smith was serving for an unrelated offense and were imposed with credit for time already served—a period that already exceeded 60 days. Smith objected to the inclusion of the four additional points, arguing that the traffic offenses failed to meet the guideline requirement that he "must have actually served a period of imprisonment" in order for the conviction to increase his criminal history category. U.S.S.G. § 4A1.2 comment. (n. 2). Smith maintained that, without the increase for the traffic offenses, he should be sentenced based on a criminal history category III, which would yield a sentencing range of 8 to 14 months.

At sentencing, the district court heard argument from both sides regarding whether the traffic convictions amounted to a "sentence of imprisonment" as required by § 4A1.2(b). The district court referred to our holding in *United States v. DePriest*, 6 F.3d 1201, 1215 (7th Cir.1993), that criminal history points are based on the sentence pronounced rather than the length of time actually served. The court determined that the PSR properly as-

sessed criminal history points for the two traffic convictions because the sentence pronounced satisfied the "at least sixty day[ ]" requirement of the guidelines, regardless of the time Smith actually served in prison. U.S.S.G. § 4A1.1(b). Accordingly, the district court adopted the probation officer's recommendation, specifically overruled Smith's objection, and imposed two concurrent 18–month prison sentences.

The sentencing guidelines provide for a two-point increase in a defendant's criminal history calculation for "each prior sentence of imprisonment" of at least 60 days but less than 13 months. U.S.S.G. § 4A1.1(b). "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). The commentary to § 4A1.2(b) further explains that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." U.S.S.G. § 4A1.2 comment. (n.2). We review de novo the district court's decision that Smith's prior sentences qualify as "sentence[s] of imprisonment" as defined under § 4A1.2(b). *United States v. Irby*, 240 F.3d 597, 599 (7th Cir.2001).

Smith asserts that, because he had already served 60 days at the time of the sentencing for the traffic convictions and because he received credit for time already served, he never served any actual time in prison for the two traffic violations. And because the sentencing guidelines require that a defendant actually serve a period of imprisonment in order for a conviction to add criminal history points, Smith maintains that the district court erred by increasing his criminal history category for those convictions.

Smith's argument appears to be foreclosed by *United States v. Staples*, 202 F.3d 992 (7th Cir.2000), and he asks us to

reevaluate the holding in that case. In *Staples*, we addressed the issue of "whether time 'actually served' includes 'time previously served.'" *Staples*, 202 F.3d at 997. Staples challenged criminal history points he received for an earlier conviction for driving with a suspended license. Before sentencing on the traffic offense, Staples was serving a 250–day prison sentence for violating his probation. After his release, Staples entered a guilty plea on the suspended license charge; he was sentenced to 250 days in jail, with credit for the 250 days he had already served on his probation violation. Staples argued, as Smith does now, that the earlier conviction should not count toward his criminal history category because he never actually served any time in prison for it.

In rejecting Staples' argument, we looked to § 4A1.1's plain language, which assesses criminal history points for a prior sentence of imprisonment that exceeds a certain duration—in this case "at least sixty days." § 4A1.1(b). The guidelines make no distinction for "how or when the defendant must serve the sentence, such as receiving time off for good behavior, surrendering voluntarily at some future date or getting credit for time spent awaiting trial." *Staples*, 202 F.3d at 997. The simple meaning of the relevant language, we held, was that a sentence of imprisonment need only satisfy the time requirement of the guidelines—here, 60 days—in order to affect criminal history points. "The sentencing judge may have agreed that Staples had already served the required time and therefore released him, but the judgment that he serve 250 days in jail stood." *Id.*

Similarly, in *United States v. Atkinson*, 15 F.3d 715 (7th Cir.1994), we considered whether a period of imprisonment served while awaiting trial counted as time "actually served." Atkinson received criminal history points for a prior felony; the state court had sentenced him to four years, but then suspended the term except for the 77 days he served while awaiting trial. We held that, although the suspended term could not affect criminal history, the 77–day period counted as the applicable prison term. Because the 77–day term exceeded the 60–day mark warranting an assessment of two criminal history points, *see* § 4A1.1(b), we upheld the district court's criminal history calculation. *Atkinson*, 15 F.3d at 721; *see also Staples*, 202 F.3d at 997–98 (recognizing the different underlying facts of *Atkinson* but citing it for the general principle that "[t]ime served is real time and time suspended is not").

Smith relies primarily on an out-of-circuit case holding that a state-court sentence imposed to run concurrently with a previously completed federal sentence did not constitute "imprisonment" for purposes of increasing the defendant's criminal history points. *See United States v. Buter*, 229 F.3d 1077, 1078 (11th Cir.2000). As noted earlier, however, we have reached the opposite conclusion, holding that time already served satisfies the guideline requirement of "imprisonment." *Staples*, 202 F.3d at 997. Recognizing the contradiction between *Buter* and *Staples*, Smith maintains that we should overrule *Staples* and employ the position adopted by the Eleventh Circuit in *Buter*. But Smith offers no compelling reason for us to reverse our position, arguing only that reversing *Staples* is "essential in order to redress the unfairness of the sentence imposed upon [Smith]."

Smith also asserts that time in prison "must be served in furtherance of the specific sentence." It is unclear precisely what argument Smith is trying to raise, but he cites to *United States v.. Stewart*, 49 F.3d 121 (4th Cir.1995), for the proposition that the guidelines require "strict concurrence between the particular sentence

and the time served" in order for a sentence to constitute one of "imprisonment." In *Stewart,* the Fourth Circuit held that the 24–day period the defendant was detained while awaiting hearing on a parole violation was not a term of imprisonment so as to warrant additional criminal history points because the hearing did not result in revocation of Stewart's parole and no new sentence was imposed. *Stewart,* 49 F.3d at 125. Significantly, however, we distinguished *Stewart* in *Staples* on the grounds that the 24–day period was administrative detention rather than punishment and it "did not reflect the seriousness of his offense, since no offense was found." *Staples,* 202 F.3d at 998. Because the 60 days that Smith served was punishment and not administrative detention, *Stewart* is distinguishable. *See id.*

Lastly, Smith defends his argument on policy grounds, asserting that the district court's addition of criminal history points for his traffic offenses is inconsistent with the guidelines' goal of imposing greater punishment against more culpable defendants. Smith maintains that the guidelines assess relative culpability by relying on the sentencing court's determination of whether prison time is warranted and how long the sentence should be. Again relying on *Buter,* Smith argues that a sentence that imposes no "detrimental repercussions" on a defendant's length of incarceration signifies less culpability than does a sentence that increases the prison time a defendant must serve. Smith argues essentially that, because the sentencing court did not deem his traffic offenses serious enough to warrant *additional* prison time, the district court in this case should have deferred to the sentencing court's view that he lacked culpability. Consequently, he maintains, the district court erred by increasing his criminal history category for the traffic offense convictions. We, however-

er, have observed that sentences imposed with credit for time served do not, in fact, signify a determination that the crime was so unimportant as to exclude it from future criminal history calculations:

> [c]redit for time served evinces the court's determination that the offender must spend some time in jail but has already served that time, either awaiting trial or on some other offense. It is a way to avoid excessive or duplicative punishment but does not reflect the court's determination that this offense is so minor that no jail time is warranted.

*Id.* at 997. Contrary to Smith's suggestion, the district court's ruling does not thwart the policy considerations underlying the guidelines.

Accordingly, we affirm the judgment of the district court.