[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15148
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cr-00052-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK LEMUEL BASS,
a.k.a. Lem,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 28, 2020)

Before JILL PRYOR, LAGOA and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Bass petitioned the panel for rehearing of the opinion that affirmed his sentence. We grant the petition, vacate our earlier opinion, and substitute for it the following opinion.

Defendant Patrick Bass appeals his 96-month sentence imposed following his guilty plea for conspiring to possess with intent to distribute methamphetamine. The district court sentenced Bass pursuant to the career-offender enhancement in the Sentencing Guidelines. *See* U.S.S.G. § 4B1.1. On appeal, Bass argues that the district court erred in sentencing him as a career offender because he did not have two prior felony convictions. We affirm.

I.

Bass was charged in an indictment with conspiring to possess with intent to distribute a controlled substance. The charged conspiracy involved 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. The indictment alleged that the conspiracy took place between on or about April 1, 2017, and August 28, 2018.

Bass pled guilty to the conspiracy charge. Along with Bass's plea agreement, the parties filed with the court an agreed-upon statement of facts that detailed the factual basis for the plea. In the statement of facts, Bass admitted that

2

he, along with others, had been trafficking methamphetamine in the Perry, Florida area. The document reflected that at trial the government would have presented evidence showing that Bass began selling and distributing methamphetamine beginning in April 2017 and continued to do so until at least February 2018.

After Bass pled guilty, a probation officer prepared a presentence investigation report ("PSI"), which described Bass's offense conduct, detailed his criminal history, and calculated his sentence under the Sentencing Guidelines. The PSI described Bass's participation in the charged conspiracy to possess with intent to distribute methamphetamine. It described incidents in which Bass sold and worked with others to distribute methamphetamine and showed that his participation in the conspiracy began in April 2017.

The portion of the PSI detailing Bass's criminal history showed that, among other convictions, Bass had been convicted of distributing a controlled substance, attempting to manufacture methamphetamine, and aggravated assault. The PSI reflected that Bass had a 2001 Alabama conviction for distribution of a controlled substance; he had pled guilty to possessing, selling, delivering, furnishing, and manufacturing 28 grams or more of methamphetamine. For this offense, Bass was sentenced to 10 years' imprisonment and served more than three years in prison.

The PSI also reflected that in March 2005, Bass was charged in Georgia with several crimes including criminal attempt to manufacture methamphetamine.

After being held in a county jail for about two months awaiting trial, Bass attacked a jail employee and escaped. He was found a few days later in Alabama. When Bass was apprehended, he was charged in a separate Georgia state criminal case with aggravated assault and escape arising out of this incident. In September 2007, Bass was found guilty and sentenced to concurrent 20-year sentences in the attempted manufacture of methamphetamine and escape cases.[1] At the time when Bass was sentenced in these cases, he was already in federal custody, serving a sentence imposed after he, as a felon, illegally possessed a firearm in violation of 18 U.S.C. § 922(g)(1).[2]

The PSI calculated Bass's sentence under the Sentencing Guidelines. Regarding Bass's offense level, the PSI found that he was a career offender because he had at least two prior felony convictions for offenses that were either controlled substance offenses or crimes of violence. The PSI identified three predicate offenses: (1) the 2001 Alabama conviction for distribution of a controlled substance, (2) the 2007 Georgia conviction for attempt to manufacture methamphetamine, and (3) the 2007 Georgia conviction for aggravated assault.

---

[1] Bass was also sentenced to 10 years of probation on the escape charge. The Georgia Supreme Court later held that this sentence was illegal and void because it exceeded the statutory maximum. *See Bass v. State*, 709 S.E.2d 767 (Ga. 2011). The Georgia Supreme Court's decision left in place Bass's conviction or sentence on the aggravated assault charge.

[2] Bass's felon-in-possession charge arose out of a separate incident that is not relevant to this appeal.

After applying the enhancement, the PSI calculated Bass's guidelines range as 262 to 327 months' imprisonment.

Bass objected to the PSI, challenging, among other things, the application of the career-offender enhancement. Bass did not dispute that his 2001 conviction for distributing a controlled substance qualified as a predicate offense. But he argued that he had no second qualifying predicate offense because his 2007 conviction for attempting to manufacture methamphetamine did not meet the definition of a controlled substance offense and his 2007 conviction for aggravated assault did meet the definition of a crime of violence. The district court disagreed, concluding that attempting to manufacture methamphetamine qualified as a controlled substance offense and aggravated assault qualified as a crime of violence. Because Bass had at least two prior felony convictions for controlled substance offenses or crimes of violence, the court applied the career-offender enhancement. The district court adopted the PSI's calculation of Bass's guidelines range.

The court ultimately imposed a sentence substantially below the guidelines range, sentencing Bass to 96 months' imprisonment. After announcing the sentence, the district court stated that it would have imposed the same sentence even if Bass were not a career offender. According to the court, if Bass were not a career offender, his guidelines range would have been 140 to 175 months' imprisonment. The court explained that even under this lower range, it would have

5

imposed the same sentence, stating "I would not have given you one day less than . . . the 96 months."  Doc. 97 at 33.[3]  This is Bass's appeal.

## II.

We ordinarily review *de novo* whether a prior conviction qualifies as a predicate offense for purposes of the career-offender enhancement.  *See United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).  But we "consider sentence objections raised for the first time on appeal under the plain error doctrine." *United States v. Hansley*, 54 F.3d 709, 715 (11th Cir. 1995) (internal quotation marks omitted).

## III.

Under the Sentencing Guidelines, a defendant is eligible for the career-offender enhancement if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  For purposes of the career-offender enhancement, a defendant has "two prior felony convictions" if (1) he "committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense" and (2) "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)."  *Id.* § 4B1.2(c).

---

[3] "Doc." numbers refer to the district court's docket entries.

Bass argues that the district court erred in applying the enhancement because he did not have two prior felony convictions. He concedes that his 2001 conviction for distribution of a controlled substance qualified as a prior felony conviction for purposes of the career-offender enhancement. But Bass says he had no second qualifying predicate conviction. He argues that the district court erred in treating his 2007 Georgia conviction for attempt to manufacture methamphetamine as a predicate conviction because (1) the crime for which he was convicted was not a "controlled substance offense," and (2) the conviction did not score any criminal history points under § 4A1.1(a), (b), or (c). Because Bass's conviction for attempt to manufacture methamphetamine was a controlled substance offense and scored at least one criminal history point under § 4A1.1, we conclude that it qualified as a prior felony conviction for purposes of the career-offender enhancement.[4]

A.

We begin by addressing Bass's argument that his 2007 conviction for attempt to manufacture methamphetamine did not qualify as a controlled substance

---

[4] Bass also argues that his 2007 conviction for aggravated assault did not qualify as a prior felony conviction for purposes of the career-offender enhancement. Because we conclude that Bass has two qualifying felony convictions—his 2001 conviction for distribution of a controlled substance and 2007 conviction for attempt to manufacture methamphetamine—we need not decide whether the aggravated assault conviction also qualified as a prior felony conviction.

offense for purposes of the career-offender guideline.  Our precedent forecloses

Bass's challenge.

> Under the Sentencing Guidelines, a "controlled substance offense" is
>
> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).  Application Note 1 to the commentary to § 4B1.2 states that

this definition also includes attempt crimes.  *See id.* § 4B1.2 cmt. n.1 (defining

"controlled substance offense" to "include the offenses of . . . attempting to

commit such offenses.").

Bass acknowledges that Application Note 1 adds attempt crimes to the list of

controlled substance offenses.  But, Bass says, this commentary to the Guidelines

cannot broaden the definition of a controlled substance offense because

"[c]ommentary should only interpret the guidelines, not replace or modify the

guidelines."  Appellant's Br. at 15–16.  He points to a recent en banc decision from

the Sixth Circuit holding that attempt crimes do not qualify as controlled substance

offenses for purposes of the career-offender guideline.  *See United States v. Havis*,

927 F.3d 382, 387 (6th Cir. 2019) (en banc).

Bass's argument is foreclosed by binding precedent, our decision in *United*

*States v. Smith*, 54 F.3d 690 (11th Cir. 1995).  In *Smith*, a defendant who was

8

sentenced as a career offender appealed his sentence, arguing that a conviction for attempting to commit a drug crime did not count as a predicate offense for determining career-offender status. *Id.* at 691. We rejected his challenge, explaining that Application Note 1 to the commentary to § 4B1.2 stated that the term "controlled substance offense" included the offenses of attempting to commit narcotic crimes. *Id.* at 693. We held that this commentary was "authoritative unless it violate[d] the Constitution or a federal statute, or [was] inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* (internal quotation marks omitted). Because Application Note 1 did "not run afoul of the Constitution" and was not "inconsistent with, or a plainly erroneous reading of, sections 4B1.1 or 4B1.2," we held that the commentary "constitute[d] a binding interpretation of the term 'controlled substance offense.'" *Id.* (internal quotation marks omitted). Neither this Court sitting en banc nor the Supreme Court has overruled *Smith*, so it remains binding precedent and forecloses Bass's challenge that an attempt crime cannot be a controlled substance offense. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (internal quotation marks omitted)).

B.

Bass's second argument is that his conviction for attempted manufacture of methamphetamine does not qualify as a prior felony conviction for purposes of the career-offender enhancement because the conviction did not score any criminal history points. *See* U.S.S.G. § 4B1.2(c) (stating that a prior conviction must earn criminal history points under § 4A1.1(a), (b), or (c) to qualify as a predicate conviction for purposes of the career-offender enhancement). To determine whether a prior conviction scored criminal history points, we look to § 4A1.1 of the Sentencing Guidelines, which directs a sentencing court to:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

U.S.S.G § 4A1.1.

Under § 4A1.1, a conviction scores more than one criminal history point only if the defendant spent at least some time in custody or confinement for the conviction. *See United States v. Buter*, 229 F.3d 1077, 1078 (11th Cir. 2000). Section 4A1.1 specifies that for a prior conviction to score two or three points the defendant must have had a "sentence of imprisonment." U.S.S.G § 4A1.1. The Guidelines define "sentence of imprisonment" to mean "a sentence of

10

incarceration." *Id.* § 4A1.2(b); *see also id.* § 4A1.2, cmt. n.2 (stating that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence"). We have explained that "physical confinement is a key distinction between sentences of imprisonment and other types of sentences." *Buter*, 229 F.3d at 1078 (internal quotation marks omitted). We thus have held that a defendant must have served at least "one moment in custody or confinement" for an offense to score two or three criminal history points. *Id.*

In addition, the Guidelines specify that for a prior conviction to score criminal history points—and qualify as a predicate conviction for purposes of the career-offender enhancement—the defendant's sentence must have been imposed sufficiently close in time to when the defendant committed the current offense. *See* U.S.S.G. § 4A1.2(e). Under the Guidelines, a prior conviction for which the defendant received a "sentence of imprisonment exceeding one year and one month" earns criminal history points if the prior sentence was "imposed within fifteen years of the defendant's commencement of the instant offense" or the defendant was incarcerated during any part of this period. *See id.* § 4A1.2(e)(1). Any other prior conviction scores criminal history points if the prior sentence "was imposed within ten years of the defendant's commencement of the instant offense." *Id.* §§ 4A1.2(e)(2). Any prior sentence that does not fall within these

11

time periods scores no criminal history points and thus does not qualify as a predicate offense for purposes of the career-offender enhancement. *Id.* §§ 4A1.2(e)(3); 4B1.2(c).

Bass argues for the first time on appeal that his attempt to manufacture methamphetamine does not qualify as a predicate offense because it did not score any criminal history points. Because Bass failed to raise this issue below, we review it for plain error only.[5]

We cannot say that the district court erred, let alone plainly erred, in treating his conviction for attempted distribution of methamphetamine as a predicate offense. Although a Georgia state court in September 2007 sentenced Bass to a

---

[5] Bass argues that we should review the issue *de novo* because he raised it in the district court. We have said that "for a defendant to preserve an objection to [his] sentence for appeal, [he] must raise that point in such clear and simple and language that the trial court may not misunderstand it." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (internal quotation marks omitted).

After reviewing the record in this case, we see no indication that Bass raised an objection in the district court that his conviction for attempted manufacture of methamphetamine did not qualify as a predicate offense because it scored no criminal history points. The record reflects that Bass submitted several rounds of objections to the PSI and the district court held three hearings in connection with his sentencing. A review of the record shows that Bass argued to the district court that his conviction for attempted manufacture of methamphetamine did not qualify as a predicate offense for one reason: because "[t]he guideline definition of a controlled substance [offense] does not include attempted crimes." Doc. 96 at 32.

Bass nonetheless says that he raised the issue of whether his conviction for attempted manufacture of methamphetamine scored any criminal history points because at the final sentencing hearing his attorney cited *Buter* to the court, saying it related to the "position already put forward earlier about actually having to serve time on the sentence." Doc. 97 at 4. We are unpersuaded. The record reflects that Bass challenged whether other of his criminal convictions scored criminal history points because they were too old. We see no indication in the record that Bass communicated to the district court that he was also arguing his conviction for attempted manufacture of methamphetamine scored no criminal history points.

total of 20 years' imprisonment for his attempted manufacture of methamphetamine and other charges, Bass argues that he did not receive a "sentence of imprisonment" because he never "spent any time in custody" for this crime; he remained in federal custody on a separate charge both before and after his Georgia state conviction. Reply Br. at 12. And, Bass says, the conviction does not earn one criminal history point because his sentence for the attempt to manufacture methamphetamine conviction was not imposed within ten years of when he commenced the instant offense. We need not decide whether Bass served a "sentence of imprisonment" for his conviction for attempted manufacture of methamphetamine, however. Even assuming he did not, the offense nonetheless scored one criminal history point because the state court imposed the sentence for the attempted manufacture of methamphetamine within ten years of when Bass admittedly joined the conspiracy charged in this case. *See* U.S.S.G. § 4A1.2(e)(2).

To determine whether an offense falls within the applicable time period to earn a criminal history point and qualify as a predicate offense for purposes of the career-offender enhancement, "we count back from the commencement of the instant offense—when the defendant began the 'relevant conduct.'" *United States v. Cornog*, 945 F.2d 1504, 1509 (11th Cir. 1991) (quoting U.S.S.G. § 1B1.3). We have warned that when the government charges a conspiracy offense that takes place over a period of time, "some complications arise" in identifying the date

13

when the defendant began the relevant conduct. *Id.* This is because when an indictment charges an ongoing conspiracy and the jury returns a general verdict, the jury may have found that the defendant and his conspirators "reached an agreement any time within the period charged and that the agreement continued through the period or, for example, only for one day." *Id.* Because it is "impossible for us to tell when the relevant conduct occurred" from the general verdict, we generally count back "only from the last day alleged as part of the conspiracy" unless the district court finds at sentencing that the defendant began to engage in the relevant conduct on some earlier date. *Id.* at 1509–10.

In this case, the indictment charged Bass with participating in a conspiracy that ran from between on or about April 1, 2017 until August 28, 2018. Because the district court made no finding at sentencing about when he joined the conspiracy, Bass says, under *Cornog* we must conclude that he joined the conspiracy on August 28, 2018, the last date identified in the indictment. We disagree. Bass fails to address a key difference between this case and *Cornog*. In *Cornog*, the question was the start date of a defendant's conduct when the jury returned a general guilty verdict. Here, in contrast, Bass pled guilty to the charged conspiracy. And as part of the plea agreement, Bass agreed that he participated in relevant conduct that was part of the conspiracy before August 28, 2018. Indeed, in the plea agreement, he admitted that he began to work with other co-

14

conspirators to distribute methamphetamine as early as April 2017.  And Bass did

not object to the paragraphs in the PSI that described his relevant conduct as part of

the conspiracy in April 2017.  Because he admitted that he had joined the

conspiracy by April 30, 2017, we look to whether he was sentenced for attempted

manufacture of methamphetamine within ten years of that date.  *See* U.S.S.G.

§§ 4A1.1(c); 4A1.2(e)(2).  The record reflects that he was sentenced for the

attempted manufacture crime on September 4, 2007, which is within the ten-year

period.  We therefore hold that this offense scored at least one criminal history

point and was properly counted as a predicate offense for purposes of the career-

offender enhancement.[6]  *See* U.S.S.G. § 4B1.1(c) (providing that a felony

conviction that earns a criminal history point under § 4A1.1(c) may qualify as a

predicate for purposes of the career-offender enhancement).

## IV.

For the reasons set forth above, we conclude that Bass had two prior felony

convictions for purposes of the career-offender enhancement:  his 2001 conviction

---

[6] Bass also argues that under *Cornog* the district court was required to make an express finding at his sentencing hearing about when his participation in the conspiracy began.  But in light of Bass's admissions in the plea agreement and failure to object to the statements in the PSI about when he joined the conspiracy, we cannot agree that the district court was required to make a factual finding about when Bass's participation in the conspiracy began.  *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (recognizing that there was no requirement that district court engage in judicial factfinding when the defendant admitted to the facts that enhanced his sentence in the plea agreement and presentence report).

for distribution of a controlled substance and his 2007 conviction for attempted manufacture of methamphetamine.  We thus affirm his sentence.

**AFFIRMED.**