# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40126

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN CARLOS REALZOLA–RAMIREZ,

Defendant–Appellant,

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1278-1

Before JONES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Juan Carlos Realzola–Ramirez pleaded guilty to illegal reentry, and he was sentenced to thirty months in prison. On appeal, Realzola–Ramirez challenges his sentence and objects to the twelve-level enhancement and the criminal history point calculation that the district court used in determining his sentence. Specifically, he argues that his modified sentence replaced his original sentence and the nearly one year of imprisonment he served should be

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40126

disregarded.  Because the district court correctly calculated the Guidelines, we AFFIRM.

Realzola–Ramirez is a citizen of Mexico.  When he was sixteen, he entered the United States and moved to Oklahoma.  In 2007, while living in Oklahoma, Realzola–Ramirez was convicted of possession of more than twenty grams of methamphetamine with intent to distribute ("2007 Conviction").  For this conviction, Realzola–Ramirez was sentenced to eight years in custody.  He served 341 days in custody.  On July 2, 2008, Realzola–Ramirez received a judicial review under Oklahoma Statute Annotated title 22, § 982a, which provided that a trial court could modify a sentence for a twelve-month period after its imposition.  At that review, the Oklahoma court modified his sentence "from 8 yrs to do to 8 yr suspended sentence all conditions of probation apply." A Supplemental Order of the Oklahoma court was issued, which stated that the date of sentence was "7/2/08 (modification)" and the type of sentence is "8 yrs s/s" and set forth the conditions of his probation.  Realzola–Ramirez was released from Oklahoma's custody to federal immigration authorities and deported to Mexico on July 10, 2008.  The record on appeal does not contain an amended judgment and sentence for the 2007 Conviction.

On July 18, 2012, Border Patrol agents found Realzola–Ramirez near Hidalgo, Texas.  He did not have permission to lawfully return to the United States.  On September 26, 2012, Realzola–Ramirez pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) and (b).

The revised PSR assessed that Realzola–Ramirez's offense level should be enhanced by twelve levels pursuant to U.S.S.G. § 2L1.2(b)(1)(B), based on the 2007 Conviction for which he was previously deported after a drug trafficking conviction that was awarded criminal history points and for which he served fewer than thirteen months imprisonment. With a base offense level of eight and a twelve-level enhancement, minus two levels for acceptance of

No. 13-40126

responsibility, the final offense level was eighteen. The criminal history category was III.

At the sentencing hearing, Realzola–Ramirez's counsel objected to the twelve-level enhancement and the assessment of two criminal history points for the 2007 Conviction, arguing that the eight-year sentence was suspended, so there was "no term of imprisonment that was actually ordered; [the modified sentence] didn't say with credit for time served." His counsel argued that an eight-level enhancement and one criminal history point was proper. The district court overruled the objection, stating that even though the sentence was suspended, it did include the slightly less than one-year term of imprisonment. The government moved for the additional acceptance point under U.S.S.G. § 3E1.1(b), lowering the offense level to seventeen. Based on this calculation, the Guidelines range was thirty to thirty-seven months. The district court sentenced Realzola–Ramirez to thirty months of imprisonment.

I.

This court "review[s] the district court's application of the sentencing guidelines *de novo.*" *United States v. Arviso–Mata*, 442 F.3d 382, 384 (5th Cir. 2006). Our previous cases indicate that while we "examine[ ] [state law] for informational purposes, we are not constrained by a state's 'treatment of a felony conviction when we apply the federal-sentence enhancement provisions.'" *United States v. Vasquez–Balandran*, 76 F.3d 648, 649 (5th Cir. 1996) (quoting *United States v. Morales*, 854 F.2d 65, 68 (5th Cir. 1988)). Thus, state law aids our analysis of the effect of the state court's sentence, but federal law determines whether the sentence constitutes a term of imprisonment for purposes of the aggravated felony enhancement. Furthermore, Guidelines commentaries are given controlling weight provided that they are not plainly erroneous or inconsistent with the Guidelines. *United States v. Flores–Gallo*, 625 F.3d 819, 821 (5th Cir. 2010).

3

No. 13-40126

Though Realzola–Ramirez asks the court to review two issues—a twelve-level enhancement to the offense level and the assessment of two criminal history points for a prior conviction—both issues turn on whether his modified sentence replaces the original sentence in that prior conviction. Section 2L1.2(b)(1)(B) of the Sentencing Guidelines provides that an individual convicted under § 1326 should receive a twelve-level sentencing enhancement if he has a prior conviction for a felony drug trafficking offense for which the "sentence imposed" was thirteen months or less if the conviction receives criminal history points. Realzola–Ramirez argues that the district court erred in imposing a twelve-level enhancement because his sentence of imprisonment had been modified to a fully suspended sentence pursuant to Oklahoma Statute Annotated title 22, § 982a(A) (West 2007).[1] In essence, he asks us to disregard the nearly one year imprisonment he served. In support of his position, Realzola–Ramirez relies on two cases: *United States v. Landeros–Arreola*, 260 F.3d 407 (5th Cir. 2001), and *United States v. Rodriguez–Parra*, 581 F.3d 227 (5th Cir. 2009). However, both cases can be distinguished from the case before us.

The issue in *Landeros–Arreola* was whether a prior conviction constituted an "aggravated felony," i.e., whether the term of imprisonment at

---

[1] The Oklahoma law in effect at this time was Oklahoma Statute Annotated title 22, § 982a(A) (West 2007) states:

> Any time within twelve (12) months after a sentence is imposed or within twelve (12) months after probation has been revoked, the court imposing sentence or revocation of probation may modify such sentence or revocation by directing that another penalty be imposed, if the court is satisfied that the best interests of the public will not be jeopardized. This section shall not apply to convicted felons who have been in confinement in any state prison system for any previous felony conviction during the ten-year period preceding the date that the sentence this section applies to was imposed. Further, without the consent of the district attorney, this section shall not apply to sentences imposed pursuant to a plea agreement.

No. 13-40126

issue was for at least one year, under 8 U.S.C. § 1101(a)(43)(F), which would qualify for an enhancement pursuant to § 2L1.2(b)(1)(A), where the defendant had originally been sentenced to four years of imprisonment but had his term reduced to less than one year. The Colorado law at issue there was Colorado Rule of Criminal Procedure 35(b), which provided that the court may reduce a sentence if a motion for such reduction was filed within a certain period of time or even on the court's own initiative. *Landeros–Arreola*, 260 F.3d at 411 n.5. Landeros–Arreola had served only eight months of a four-year sentence of imprisonment when the state court released him after the completion of a state military boot camp (Colorado's Regimented Inmate Training Program). *Id.* at 409. The Fifth Circuit determined that Landeros–Arreola's sentence was reduced from imprisonment to probation rather than a suspension of his sentence, noting that the Colorado court could not have legally reduced Landeros–Arreola's sentence to probation and suspended his term of imprisonment at the same time. *Id.* at 412. Because the enhancement did not apply "when a defendant is directly sentenced to probation, with no mention of suspension of a term of imprisonment," and nothing in the record suggested that the court below had suspended his term of imprisonment, this court concluded that Landeros–Arreola's prior Colorado conviction for felony menacing did not qualify as an aggravated felony. *Id.* at 413 (quoting *United States v. Banda–Zamora*, 178 F.3d 728, 730 (5th Cir. 1999)).

Despite these distinctions, Realzola–Ramirez argues that like in *Landeros–Arreola*, his modified sentence represents the actual disposition of the case. This is an overstatement of our holding in *Landeros–Arreola* because we did not reach the conclusion that the modified sentence replaced the original sentence, only that the modified sentence was a probation rather than a suspension of the remainder of a sentence. In fact, Landeros–Arreola never argued that his eight months of incarceration was not relevant. Instead, he

5

argued that the eight months he served was insufficient to meet the definition of an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), which required a term of imprisonment of at least one year. *Landeros–Arreola*, 260 F.3d at 415 (Kazen, J., dissenting).   In this case, Realzola–Ramirez asks the court to disregard the time he served in prison because it was not a part of the modified sentence and he claims he received no credit for it.   However, we cannot disregard the time served because nothing in the record indicates that we should do so.

*Rodriguez–Parra*, 581 F.3d 227, is even more easily distinguished from this case because the defendant in that case did not serve any of his sentence before it was suspended.   We concluded in *Rodriguez–Parra*, that because all of the sentence was suspended and the defendant had not served any of the sentence in prison, the defendant did not have a sentence of imprisonment thirteen months or less for purposes of a twelve-level enhancement under § 2L1.2(b)(1)(B).   Our holding in *Rodriguez–Parra* supports the conclusion that Realzola–Ramirez's one year served cannot be disregarded.   There, we explained that § 2L1.2's application note states that "'[s]entence imposed'" has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2."   *Rodriguez–Parra*, 581 F.3d at 229 (citing U.S.S.G. § 2L1.2 Application Note 1(B)(vii)).   The commentary to § 4A1.2 provides that to "qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence."   U.S.S.G. § 4A1.2, Application Note 2.   Based on plain reading, it appears that the time served qualifies as "sentence imposed."   No one disputes that Realzola–Ramirez actually served nearly one year of his sentence, thus the time served cannot be disregarded for Guidelines purposes.   Accordingly, we AFFIRM.