# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50948

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

v.

KEVIN CORY CARLILE,

       Defendant – Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before BARKSDALE, DENNIS,* and ELROD, Circuit Judges.
JENNIFER WALKER ELROD, Circuit Judge:

Kevin Cory Carlile appeals his sentence following a felon in possession of a firearm conviction. He argues that the district court committed reversible error in calculating both his criminal history score under section 4A1.1 of the United States Sentencing Guidelines and his base offense level under section 2K2.1(a)(4)(A) of the Sentencing Guidelines. Because the district court did not commit reversible error, we AFFIRM.

---

* Concurring in the judgment only.

No. 16-50948

I.

Carlile pleaded guilty to possessing a firearm after a felony conviction. When calculating Carlile's criminal history score under section 4A1.1 of the Sentencing Guidelines, the presentence investigation report assigned two criminal history points for a driving while intoxicated (DWI) conviction, for which Carlile now claims he served no prison time. The PSR reported that Carlile's total criminal history score was 10, and his criminal history category was V. When calculating Carlile's base offense level under section 2K2.1(a)(4)(A), and over Carlile's objection, the PSR included, as a prior felony conviction, a deferred adjudication conviction for aggravated assault causing serious bodily injury. The PSR reported that Carlile's total offense level was 17. Based upon Carlile's total offense level and criminal history category, the advisory guideline sentence was 46 to 57 months of incarceration.

The district court sentenced Carlile to 46-months imprisonment, to run consecutively to any sentence imposed upon revocation of his probation for his conviction for aggravated assault causing bodily injury, followed by three years of supervised release. Carlile timely appealed.

II.

On appeal, Carlile argues that the district court committed error: (1) by assigning two criminal history points for his DWI conviction when calculating his criminal history score; and (2) by treating his deferred adjudication for aggravated assault causing serious bodily injury as a prior felony conviction when calculating his base offense level.

The parties agree on the two standards of review that apply. Because Carlile failed to object in the district court to the assessment of two criminal history points for his DWI conviction, plain-error review applies to this first

2

No. 16-50948

claim.  *See United States v. Martinez-Rodriguez*, 821 F.3d 659, 662 (5th Cir. 2016). To prevail, Carlile must show:

> First, there must be an error or defect—some sort of "deviation from a legal rule"—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant.  Second, the legal error must be clear or obvious, rather than subject to reasonable dispute.  Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings."  Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."

*United States v. Prieto*, 801 F.3d 547, 549–50 (5th Cir. 2015) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

However, Carlile did object to the district court's calculation of his base offense level under section 2K2.1(a)(4)(A).  "Where a defendant preserves error by objecting at sentencing, we review the sentencing court's factual findings for clear error and its interpretation or application of the Sentencing Guidelines de novo."  *Martinez-Rodriguez*, 821 F.3d at 662 (quoting *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015)).

III.

The first issue is whether the district court committed reversible plain error in calculating Carlile's criminal history score.  Under the Sentencing Guidelines, a defendant's criminal history score is based on sentences imposed for prior offenses.  Under section 4A1.1(a), three points are added to a defendant's criminal history "for each prior sentence of imprisonment exceeding one year and one month," and under section 4A1.1(b), two points are added "for each prior sentence of imprisonment of at least sixty days not counted in (a)." U.S.S.G. § 4A1.1(a)–(b).  Section 4A1.1(c) provides that only

3

one point is assessed "for each prior sentence not counted in (a) or (b)," up to a total of four points. *Id.* § 4A1.1(c). The next section of the Sentencing Guidelines defines "sentence of imprisonment." *Id.* § 4A1.2(b). The commentary explains that "[t]o qualify as a sentence of imprisonment, the defendant *must have actually served* a period of imprisonment on such sentence. . . ." *Id.* § 4A1.2 cmt. n.2 (emphasis added).

Carlile argues that he never "actually served" a term of imprisonment for his DWI offense, and so he should have received only one—not two—criminal history point for this offense. The PSR reported that Carlile was sentenced to 364 days of confinement for the DWI offense, but it noted that the investigative and court records for the offense were not available. The supplemented record on appeal shows that Carlile was sentenced to 365 days in prison "with credit given for 365 days already served."[1] According to Carlile, the "365 days already served" in the state's order of conviction refers to the time Carlile spent in prison for a different sentence: a 21-month criminal mischief sentence. Therefore, he argues that he never "actually served" a term of imprisonment for the DWI offense. We agree.

The government argues that the days credited against Carlile's sentence for the DWI offense constitute time "actually served" for the DWI offense. The government does not contend that Carlile served time specifically for his DWI offense. According to the government, we should not "look beyond a judgment when . . . it explicitly states the sentence imposed is being satisfied by time served." For this proposition, the government cites to *United States v. Brown*, 54 F.3d 234 (5th Cir. 1995), *United States v. Realzola-Ramirez*, 556 F. App'x

---

[1] As Carlile acknowledges, the district court did not have Carlile's state court conviction records because the probation officer could not obtain them. Because the relevant issue is "whether there is plain error at the time of appellate consideration," we consider the record as supplemented on appeal. *United States v. Wikkerink*, 841 F.3d 327, 332 (5th Cir. 2016) (quoting *United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006)).

No. 16-50948

374 (5th Cir. 2014), and *United States v. Fernandez*, 743 F.3d 453 (5th Cir. 2014). These cases involve credit for time served: (1) in pre-trial detention, *see Fernandez*, 743 F.3d at 457, and (2) in a partial prison sentence, *see Brown*, 54 F.3d at 240; *Realzola-Ramirez*, 556 F. App'x at 377. As the government acknowledges, however, these cases do not address the issue of time served on a *different* offense.

Here, "the question is whether any time was actually served" on the sentence for Carlile's DWI offense. *Brown*, 54 F.3d at 240. The state court ordered Carlile's DWI sentence satisfied based on the time that he spent in prison for a criminal-mischief offense. Because the state court elected to give him credit for time served from this other sentence, Carlile did not spend any time in custody for his DWI offense. *See United States v. Buter*, 229 F.3d 1077, 1079 (11th Cir. 2000) ("[The defendant] walked into and out of the state courtroom a free man.").

We agree with the Sixth Circuit that "[c]old reality informs us that a defendant who receives full credit for time served on an entirely separate conviction does not in fact 'actually serve' any time for the offense in question." *United States v. Hall*, 531 F.3d 414, 419 (6th Cir. 2008). Because Carlile did not actually serve any time for his DWI offense, the district court erred in assigning Carlile two criminal history points based on this offense.

However, Carlile has not established that the district court's error was clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) ("[T]he legal error must be clear or obvious, rather than subject to reasonable dispute."). We have explained that an error is only *plain* if it is "so clear or obvious that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendants timely assistance in detecting it.'" *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) (quoting *United States v. Hope*, 545 F.3d 293, 296 (5th Cir. 2008)). As discussed, we have determined that the

district court did err in assigning Carlile two criminal history points for this DWI offense, but we acknowledge that, absent direction from our court or a timely objection from the defendant, the district court could have reasonably interpreted section 4A1.1's time served requirement to make no distinction between the conviction at hand and a different conviction.

Moreover, Carlile has not offered a case from our circuit addressing whether a sentence of time served on a separate offense qualifies as a "sentence of imprisonment" for assigning criminal history points under section 4A1.1. *See United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005) ("Absent any precedent directly supporting [the defendant's] contention, it cannot be said that the alleged error was 'plain' for purposes of our review.")  Establishing plain error requires a showing that the error was clear under "the law in place at the time of trial." *Trejo*, 610 F.3d at 319.  Here, Carlile has not shown that the district court's error was obvious at that time.  "We ordinarily do not find plain error when we 'have not previously addressed' an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (quoting *United States v. Lomas*, 304 F. App'x 300, 301 (5th Cir. 2008)).  Therefore, Carlile's claim necessarily fails under plain-error review.

Even assuming *arguendo* that this claimed error was plain and affected Carlile's substantial rights, under the second and third prongs of plain-error review, Carlile's arguments also fail because he cannot prevail under the fourth prong. "[W]e do not view the fourth prong of plain-error review as automatic if the other three prongs are met." *United States v. Pena*, 720 F.3d 561, 576 (5th Cir. 2013) (quoting *United States v. Escalante–Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc)). "A court should correct a plain, forfeited error affecting substantial rights only where 'the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Guillen-Cruz,* 853 F.3d 768, 775 (5th Cir. 2017) (quoting *United States v.*

*Olano*, 507 U.S. 725, 736 (1993)).  The Supreme Court has instructed us that "the fourth prong is meant to be applied on a case-specific and fact-intensive basis. . . . [And] a '*per se* approach to plain-error review is flawed.'" *United States v. John*, 597 F.3d 263, 286 (5th Cir. 2010) (quoting *Puckett*, 556 U.S. at 142).  Using this case-by-case, fact-intensive approach, we have declined to correct errors where a sentencing disparity exists but other facts, such as a significant criminal history, are present. *See, e.g.*, *United States v. Brown*, 826 F.3d 835, 841 (5th Cir. 2016) (declining to exercise our discretion based on the defendant's extensive criminal history and the district court's statements at sentencing).

Here, we decline to exercise our fourth-prong discretion.  Carlile's criminal history—including two convictions for driving while intoxicated, aggravated assault, and criminal mischief—weighs against correcting this error. *See United States v. Mendoza-Velasquez*, 847 F.3d 209, 213 (5th Cir. 2017) ("[The defendant's] lengthy criminal history counsels against the Court rectifying any error in this case.").  Moreover, if Carlile's criminal history score were corrected, it would reduce his Guidelines range from 46 to 57 months to 37 to 46 months. He was sentenced to 46 months, and so at most, there is a nine month disparity between the relevant Guidelines at issue here. Indeed, even applying the correct Guidelines range, the district court could still impose the same sentence: 46 months. In light of the totality of this record, we decline to exercise our fourth prong discretion.  *See Brown*, 826 F.3d at 841 ("We have consistently held that it is not necessary to correct an error if there is sufficient evidence in the record showing that the incorrect sentence was nevertheless fair."); *see also United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009) ("Not

every error that increases a sentence need be corrected by a call upon plain error doctrine."). As such, Carlile's challenge also fails for this reason.

IV.

The next issue, which, as noted, Carlile preserved in the district court, is whether the district court erred in calculating Carlile's offense level by treating his deferred adjudication conviction for aggravated assault causing serious bodily injury as a felony conviction under section 2K2.1(a)(4)(A). As Carlile acknowledges, his argument here is foreclosed by our prior decision in *United States v. Stauder*, 73 F.3d 56, 56 (5th Cir. 1996) (determining that "for sentencing for a felon in possession of a firearm conviction, a Texas criminal deferred adjudication can be used for calculating the base offense level under the Sentencing Guidelines").

"It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a panel's decision." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). We are bound by our precedent, and Carlile's second claim fails, as well.

V.

Accordingly, because Carlile's first argument fails under prong two, and assuming it satisfies that prong as well as the third, fails under prong four of plain-error review, and because Carlile's second argument is foreclosed by our precedent, we AFFIRM Carlile's sentence.