# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40863
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO SUSTAITA-MATA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-451-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:*

Sergio Sustaita-Mata appeals the 71-month sentence imposed on his guilty plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. Reviewing for plain error, we affirm. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009); *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40863

We reject the unpreserved claim that the district court's criminal history score was erroneous because the court failed to treat two theft sentences as a single sentence under U.S.S.G. § 4A1.1(c), placing Sustaita-Mata in a higher criminal history category and thus in a higher guidelines sentencing range. *See Puckett*, 556 U.S. at 135-36. Sustaita-Mata has not established error that is clear or obvious. *Id.* at 135.

Criminal history points, which determine the criminal history category used to calculate the guidelines range, may be assessed for a defendant's prior sentences. *See* § 4A1.1; U.S.S.G. § 4A1.2. Multiple prior sentences "always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." § 4A1.2(a)(2). But if "no intervening arrest" occurred, prior sentences are counted as a single sentence if, inter alia, "the sentences were imposed on the same day." § 4A1.2(a)(2).

Although Sustaita-Mata is correct that his theft offenses were not separated by an intervening arrest, he cites no circuit precedent supporting his correlative contention that the sentences were imposed on the same day and thus should have together garnered only one criminal history point under § 4A1.1(c) and § 4A1.2(a)(2). *See United States v. Carlile,* 884 F.3d 554, 558 (5th Cir. 2018). Nor does he show that the dispute before us is settled by a straightforward application of the Guidelines. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010), *abrogation on other grounds recognized in United States v. Martinez-Rodriguez*, 821 F.3d 659, 664 (5th Cir. 2016). At best, Sustaita-Mata makes an argument not unreasonably disputed by the Government, which points to the later revocation sentence involving one of the theft convictions. *See Puckett,* 556 U.S. at 135; *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). And even if Sustaita-Mata is correct that there

2

was error, we conclude "that, absent direction from [this] court or a timely objection from the defendant, the district court could have reasonably interpreted" the Guidelines at issue as it did.  *Carlile*, 884 F.3d at 558.

AFFIRMED.