**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ISMAIL ALKAN DUZYURT,

    Defendant - Appellant.

No. 18-1039
(D.C. No. 1:17-CR-251-MSK-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

In 2017, Defendant Ismail Alkan Duzyurt, a citizen of Turkey, pled guilty to illegally re-entering the United States following removal and after an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2). When calculating Duzyurt's criminal history score under section 4A1.1(a) of the United States Sentencing Guidelines (USSG), the Presentence Report (PSR) assigned Duzyurt three criminal history points for a Harris County, Texas felony theft conviction. The PSR reported that Duzyurt's total criminal history score was 9, which resulted in a criminal history category of IV. Based upon Duzyurt's total offense level of 21 and criminal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

history category of IV, his advisory guideline imprisonment range was 57 to 71 months.

At the sentencing hearing, the district court adopted the criminal history category of IV but concluded the correct offense level was 18 instead of 21, yielding a guideline range of 41 to 51 months. The court noted, however, that the guideline calculation increased significantly from 2015 to 2016. In the plea agreement, the parties used the 2015 Guidelines but the PSR used the 2016 Guidelines. Duzyurt objected to use of the 2016 Guidelines but the district court overruled his objection. Duzyurt does not appeal that decision. After considering the 18 U.S.C. § 3553(a) factors, the district court indicated it was "inclined to turn the clock back a little" and sentence leniently. The court concluded an offense level of 10 with a criminal history category of IV was appropriate, resulting in a variant guideline range of 15 to 20 months' imprisonment. After noting Duzyurt's circumstances, including his criminal history and absence of remorse, the court imposed a variant sentence of 20 months' imprisonment. Importantly, Duzyurt never objected to the court's calculation of his criminal history score. Duzyurt timely appealed his sentence. Our jurisdiction to review Duzyurt's sentence arises under 18 U.S.C. § 3742(a).

On appeal, Duzyurt argues the district court erred in calculating his criminal history score because his prior sentence for felony theft was not a "sentence of imprisonment" under USSG § 4A1.1(a). Under the Sentencing Guidelines, a defendant's criminal history score is based on sentences imposed for prior offenses. Section 4A1.1(a) requires a court to add three points to a defendant's criminal history

2

"for each prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.1(a). Section 4A1.2(b) defines "sentence of imprisonment" as "a sentence of incarceration and refers to the maximum sentence imposed." *Id*. at USSG § 4A1.2(b). According to the USSG § 4A1.2 commentary, "[t]o qualify as a sentence of imprisonment, the defendant must have *actually served* a period of imprisonment on such sentence." *Id*. at § 4A1.2(b) cmt. 2 (emphasis added).

In April 2005—long before Duzyurt pled guilty to illegal re-entry—Duzyurt pled guilty to felony theft in Harris County, Texas and was sentenced to "2 years prison, sentence to begin September 16, 2002." According to Duzyurt, the *nunc pro tunc* sentence issued in Texas state court refers to time he spent in federal prison for a different sentence. Therefore, Defendant argues he never "actually served" a term of imprisonment for the felony theft offense. The Government argues the district court properly counted the felony theft sentence because that sentence constituted time "actually served" under USSG § 4A1.2 cmt. 2. According to the Government, since the state court retroactively credited Defendant with time served on another sentence, the sentence qualified as a "prior sentence of imprisonment."

Both parties agree plain-error review applies because Duzyurt failed to object in the district court to the assessment of three criminal history points for his felony theft conviction. *United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018). To prevail, Duzyurt must show: "(1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (quotations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice

3

a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id*. (quotations omitted).

Assuming without deciding the district court erred in adding three points to Duzyurt's criminal history score, Duzyurt has not established the district court's error was plain, that is, clear or obvious. Under plain-error review, we can reverse only if an error took place that was "clear or obvious under current law." *United States v. Valdez-Aguirre*, 861 F.3d 1164, 1166 (10th Cir. 2017). An error is "clear and obvious when it is contrary to well-settled law." *Salas*, 889 F.3d at 687 (quoting *United States v. Whitney*, 229 F.3d 1296, 1309 (10th Cir. 2000)). "In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." *Id*. (citation and quotation omitted). In the absence of Supreme Court or circuit precedent directly addressing a particular issue, "a circuit split on that issue weighs against a finding of plain error." *Salas*, 889 F.3d at 687 (quoting *United States v. Wolfname*, 835 F.3d 1214, 1221 (10th Cir. 2016)). Neither the Supreme Court nor this Court has addressed whether a time-served sentence on a separate offense constitutes a "sentence of imprisonment" for assigning criminal history points under the sentencing guidelines. Four of our sister circuits that have addressed the issue reached different conclusions.

In *United States v. Staples*, the Seventh Circuit addressed the meaning of USSG § 4A1.2(c)(1) which does not count driving with a suspended license as an offense for purposes of a criminal history calculation unless the defendant was sentenced to a year

4

of probation or imprisonment of thirty days.[1]  In that case, defendant received a two-point increase related to his 1997 conviction for driving on a suspended license.  In 1998, Staples was serving a 250-day sentence for a probation violation related to domestic battery.  After his release from jail, he pled guilty to the suspended license charge and was sentenced to 250 days in jail with credit for time served on the probation violation charge.  Relying on USSG § 4A1.2 application note 2, the defendant argued his second 250-day sentence should not count because he was sentenced to "time previously served" and did not "actually serve[]" any of his sentence for driving on a suspended license.  202 F.3d 992, 997 (7th Cir. 2000).  The Seventh Circuit concluded the defendant's 250-day jail sentence with credit for time served on a separate charge could be counted as a "sentence of imprisonment" under USSG § 4A1.2 cmt. 2.  *Id*.  The court explained, "[t]he simple meaning of the Guidelines language is to count any sentence 'of at least 30 days,' and this section is unconcerned with how or when the sentence 'of at least 30 days' is served so long as it is a 'term of imprisonment.'"  *Id*. (citing USSG § 4A1.2(c)(1)).

In contrast to the Seventh Circuit's approach, three other circuits have determined sentences that credited a defendant for time served on a separate offense

---

[1]  We note the defendants in *Staples* and *Hall* (a case mentioned later) challenged their criminal history scores under USSG § 4A1.2(c)(1) whereas Duzyurt challenges his score under USSG 4A1.1(a).  Despite this difference, *Staples* and *Hall* are instructive because the second application note following § 4A1.2 provides commentary on both § 4A1.1 and § 4A1.2.  *See, e.g.*, *United States v. Hall*, 531 F.3d 414, 419 (explaining that even though *United States v. Buter* "deal[t] with a different subsection of U.S.S.G. § 4A1, the case is squarely on point by analogy.").

5

cannot be counted as a "sentence of imprisonment" under the guidelines. In *United States v. Buter*, where a defendant challenged his criminal history calculation under USSG §§ 4A1.1(a), the Eleventh Circuit held a defendant's state court sentences, imposed to run concurrently with a previously completed federal sentence, did not constitute "imprisonment" under the guidelines. 229 F.3d 1077, 1078 (11th Cir. 2000). The court reasoned, "[defendant] walked into and out of the state courtroom a free man. He did not spend one moment in custody or confinement for the sentences imposed by the state court." *Id.* at 1079. Accordingly, the Eleventh Circuit determined a defendant's time-served sentence on a prior, unrelated case could not count toward the defendant's criminal history score under USSG § 4A1.1(a). *Id.*

Next, the Sixth Circuit concluded "the proper analysis is exactly the opposite of [*Staples*]" and, instead, determined the Eleventh Circuit's opinion in *Buter* "to be more persuasive." *United States v. Hall*, 531 F.3d 414, 419 (6th Cir. 2008). In *Hall*, the defendant pled guilty to driving with a suspended license and was sentenced to 30 days' imprisonment. A court, however, gave the defendant credit for time served on an unrelated offense. Two years later, defendant pled guilty to hindering a police officer and was sentenced to 35 days in jail. A court, again however, gave him credit for time served on an unrelated offense. The defendant's PSR added one criminal history point under USSG § 4A1.2(c)(1) for each prior time-served sentence. According to the Sixth Circuit, a time-served sentence could not be counted under USSG § 4A1.2 because "a defendant who receives full credit for time served on an

6

entirely separate conviction does not in fact 'actually serve' any time for the offense in question." *Id*.

Finally and importantly, in *United States v. Carlile*, the Fifth Circuit sided with the Sixth and Eleventh Circuits and determined a district court erred in counting a time-served sentence under USSG § 4A1.1(b). 884 F.3d 554, 558 (5th Cir. 2018). In *Carlile*, the defendant argued that he never "actually served" a term of imprisonment for a DWI offense so he should have received only one rather than two criminal history points under the applicable provisions of USSG § 4A1.1. Defendant had been sentenced to 365 days in prison "with credit given for 365 days already served." *Id*. at 557. The days already served referred to time defendant spent in prison for a 21-month criminal mischief sentence. The Fifth Circuit agreed that defendant had never "actually served" a term of imprisonment for his DWI offense. Nevertheless, on plain error review, the Fifth Circuit decided the error was not plain: "[A]bsent direction from our court or a timely objection from the defendant, the district court could have reasonably interpreted section 4A1.1's time served requirement to make no distinction between the conviction at hand and a different conviction." *Id*.

Despite the divergent opinions among our sister circuits on how to interpret the meaning of "sentence of imprisonment" and without citing a case from the Supreme Court or our circuit that addresses the issue, Duzyurt argues the district court committed plain error when it counted his time-served sentence in calculating his criminal history score under USSG § 4A1.1(a). According to Duzyurt, the court's assessment of three points for the felony theft sentence was plain error because the

7

guideline language of "application note 2 does itself show the [felony theft] sentence was not a sentence of imprisonment."

Recall that, in general, for an error to be plain, either the Supreme Court or this court must have addressed the issue. *Salas*, 889 F.3d at 687. "The absence of such precedent will not, however, prevent a finding of plain error if the district court's interpretation was clearly erroneous." *Id*. (citation and quotation omitted). This Court has determined a court's error was plain in the absence of Supreme Court or Tenth Circuit precedent "when [a] guideline 'clearly and obviously' was limited to a single interpretation." *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003) (citing *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003)).

Contrary to Duzyurt's claim, our sister circuits' conflicting interpretations of a "sentence of imprisonment" indicate the definition set forth in the second commentary note accompanying USSG § 4A1.2 is not limited to a single interpretation and that reasonable minds may differ on how to construe it. For instance, the Eleventh Circuit acknowledged the language was not clear or obvious when the court stated, "[t]he language of the sentencing guidelines *occasions a cause for pause* in the proper calculation to be made in an instance as is here presented." *Buter*, 229 F.3d at 1078 (emphasis added). In addition, when the Sixth Circuit reviewed the issue, the court addressed the reasoning in both *Staples* and *Buter* and ultimately determined *Buter* was "more persuasive," suggesting the language was open to interpretation and the court preferred the latter. *Hall*, 531 F.3d at 419. Most recently, the Fifth Circuit directly stated the error was not plain because "the district court *could have reasonably*

8

*interpreted* section 4A1.1's time served requirement to make no distinction between the conviction at hand and a different conviction." *Carlile*, 884 F.3d at 558 (emphasis added). Given neither the Supreme Court nor the Tenth Circuit has spoken on the issue, a circuit split exists, and the guideline language is not limited to a single interpretation, any district court error in calculating Duzyurt's sentence was not plain error.

Because Duzyurt failed to show any error was plain, we do not reach the questions whether the alleged sentencing error could have affected his substantial rights or whether the alleged sentencing error could have affected the integrity, fairness, or public reputation of the judicial proceedings. Based on the foregoing, Duzyurt failed to demonstrate reversible error.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

No. 18-1039, *United States v. Duzyurt*

**PHILLIPS**, J., concurring.

This appeal presents an opportunity to clear up an issue of first impression, one that will likely recur. Rather than leave another defendant, and another panel, grappling with the same question later, we should decide now, in a published opinion, whether the district court erred in adding two criminal-history points for Duzyurt's 2005 Texas state-court felony theft conviction. I would hold that the district court did err.

The majority sets the stage well. Whether Duzyurt has a criminal-history category of III or, instead, IV, depends on whether he gets two criminal-history points for his 2005 Texas state sentence for theft, which was pronounced as "2 years prison, sentence to begin September 16, 2002." *See* U.S. Guidelines Manual (U.S.S.G.) § 4A1.1(b) (U.S. Sentencing Commission 2016). That in turn depends on whether the Texas theft conviction qualifies as a sentence of imprisonment, meaning a sentence of incarceration. § 4A1.2(b)(1). The guideline commentary defines a sentence of imprisonment as follows: "*Sentence of Imprisonment.—To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or if the defendant escaped, would have served time). See § 4A1.2(a)(3) and (b)(2).*"[1] U.S.S.G. § 4A1.2, cmt. n. 2.

_____

[1] The reference to § 4A1.2(a)(3) and (b)(2) serves as a reminder that fully suspended sentences, however lengthy, are not sentences of imprisonment. A defendant with a fully suspended sentence has not actually served prison time. It is worth noting that a fully suspended sentence is closer to a sentence of imprisonment than is Duzyurt's Texas state two-year sentence. After all, a defendant with a fully suspended sentence

Usually this analysis is routine. But here we must contend with an oddball prior sentence—one that in truth imposes no incarceration. For one thing, by the time Duzyurt received his two-year sentence, the earlier Texas federal sentence—to which the state court tied the theft sentence—had already expired. Duzyurt never stepped foot in a jail or prison on his two-year state sentence for theft. Perhaps, straining, one could say that Duzyurt *theoretically* served a two-year sentence; but one could never rationally say that he *actually served* any incarceration on that sentence.

For its own reasons, the Texas court convicted Duzyurt but imposed no actual incarceration. Instead, the Texas court imposed an impossible-to-actually-serve two-year sentence. By the plain language of the guidelines, I would hold that Duzyurt did not actually serve a single day of imprisonment on this Texas two-year sentence. Under § 4A1.1(a)–(c), the guidelines do not assess additional criminal-history points for phantom incarceration, that is, time never actually served.

---

might later have his probation revoked and actually serve time. I see no scenario in which Duzyurt could actually serve time for his Texas state theft conviction.