# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2020

Lyle W. Cayce
Clerk

No. 19-40561
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROQUE CRUZ-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-1041-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roque Cruz-Flores was convicted of unlawful presence in the United States after a previous deportation and was sentenced to 37 months of imprisonment. He appeals his sentence on two grounds, which we address below. We AFFIRM.

First, relying on this court's decision in *United States v. Carlile*, 884 F.3d 554 (5th Cir. 2018), Cruz-Flores argues that his 2013 assault conviction should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have received only one criminal history point under U.S.S.G. § 4A1.1(c) because the time he served for that crime actually was for a 2012 illegal reentry conviction.

Cruz-Flores's sentence for his assault conviction was 60 days in custody with credit for 10 days of time served. Cruz-Flores contends that the 10 days of time served were part of his 127-day sentence for a separate illegal reentry conviction. However, the record demonstrates that Cruz-Flores had already satisfied his sentence for illegal reentry when the 10 days of time served began. Cruz-Flores was actually given credit for 10 days he served pending sentencing for his assault conviction. Therefore, *Carlile* is inapposite. 884 F.3d at 557 ("Because the state court elected to give [the defendant] credit for time served from [another] sentence, [the defendant] did not spend any time in custody [for this offense]."). Because the sentence of imprisonment for Cruz-Flores's assault conviction was at least 60 days and Cruz-Flores actually served at least a portion of that sentence, the district court correctly assigned two criminal history points. *See* § 4A1.1(b); U.S.S.G. § 4A1.2(b)(1); § 4A1.2, comment. (n.2).

Cruz-Flores also asserts that the district court erroneously considered Application Note 3 of U.S.S.G. § 2L1.2, which states that if a defendant receives offense level enhancements for prior convictions under § 2L1.2(b), those same prior convictions may garner criminal history points under U.S.S.G. § 4A1.1. Cruz-Flores argues that, pursuant the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), the district court should have afforded no deference to the commentary because the language of § 2L1.2 is unambiguous. Additionally, he avers that because § 2L1.2 specifically addresses illegal reentry offenses, the district court should not have applied criminal history points pursuant to § 4A1.1 for offenses that resulted in offense level enhancements under § 2L1.2(b).

No. 19-40561

As Cruz-Flores concedes, we review for plain error. To prevail on plain error review, Cruz-Flores must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If Cruz-Flores makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks and citation omitted).

*Kisor* addressed the continuing viability of the deference afforded to an agency's interpretations of its own regulations pursuant to *Auer v. Robbins*, 519 U.S. 452 (1997). The Court in *Kisor* did not overrule *Auer* deference but merely restated the limitations on applying deference to interpretations by an agency. *Kisor*, 139 S. Ct. at 2415–16, 2423. *Kisor* did not discuss the Sentencing Guidelines or the case law holding that the commentary to the Guidelines is authoritative unless it violates federal law or the Constitution, it is inconsistent with the Guideline being interpreted, or it constitutes a plainly erroneous reading of the Guideline. *See Stinson v. United States*, 508 U.S. 36, 38 (1993). Because there is currently no case law from the Supreme Court or this court addressing the effect of *Kisor* on the Sentencing Guidelines in general or on Application Note 3 of § 2L1.2 in particular, we conclude that there is no clear or obvious error. *See United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015); *see also United States v. Vivar-Lopez*, 788 F. App'x 300, 301 (2019) (holding the same).

AFFIRMED.