# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DARRELL WOODS,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:17-CR-457-2

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Darrell Woods pleaded guilty of aiding and abetting interference with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

commerce by robbery and aiding and abetting the use, carrying, and brandishing of a firearm during and in relation to a crime of violence.  Woods was sentenced to 221 months of imprisonment, three years of supervised release ("SR"), and $37,511.65 in restitution.

Woods maintains that there is a conflict between the oral pronouncement of sentence and the written judgment with respect to the restitution order and a special condition of SR.  He asserts that, although the district court orally pronounced that he was required to participate in drug and alcohol treatment, the written judgment added the requirement that he was required to pay the costs of such treatment.  He also posits that the written judgment failed to include the oral pronouncement that he was jointly and severally liable for the restitution with his codefendants.  The government does not seek to enforce the appeal waiver.  *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Because a defendant has no opportunity to object to conditions of SR that are included for the first time in the written judgment, this court reviews the imposition of those conditions for an abuse of discretion instead of plain error. *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012).  "[A] defendant has a constitutional right to be present at sentencing."  *United States v. Bigelow*, 462 F.3d 378, 380 (5th Cir. 2006) (internal quotation marks and citation omitted); FED. R. CRIM. P. 43(a)(3).  "Where there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005).

Because the record reflects that the district court intended for Woods to attend substance abuse treatment, the requirement that he bear the costs of such treatment does not create a conflict requiring modification of the sentence.  *See United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003).  But there

is a conflict with respect to the written judgment's omission of the liability clause. *See United States v. Pacheco-Albarado*, 782 F.3d 213, 222–23 (5th Cir. 2015). Therefore, the case is remanded for correction. *See id.*

For the first time on appeal, Woods contends that the district court committed reversible error in applying U.S.S.G. §§ 4A1.1(a) and 4A1.2(k) to his Texas conviction of burglary of a habitation, which resulted in the imposition of three criminal history points. As Woods concedes, review is limited to plain error. *See United States v. Carlile*, 884 F.3d 554, 556 (5th Cir. 2018). To prevail on plain error review, Woods must show, *inter alia*, a forfeited error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

As relevant to this claim, Woods was sentenced to deferred adjudication probation in Texas for a burglary-of-a-habitation conviction. He was not sentenced to an original term of imprisonment; instead he received a four-year sentence only following the court's revocation of his deferred-adjudication probation. He claims, therefore, that the court plainly erred by calculating his criminal history under § 4A1.2(k) because a plain reading of "4A1.2(k) expressly contemplates an 'original term of imprisonment'" that is not present in a case involving a deferred adjudication such as his case.

At best, Woods's claim is "subject to reasonable dispute" and, therefore, cannot constitute clear or obvious error. *Puckett*, 556 U.S. at 135. Accordingly, the judgment is AFFIRMED. The case is REMANDED for the limited purpose of conforming the written judgment to the oral pronouncement.