# United States Court of Appeals for the Fifth Circuit

_____

No. 22-40732
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Walter Yovany Molina-Mendoza,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-756-1

_____

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Walter Yovany Molina-Mendoza pleaded guilty to illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326(a) (outlining illegal reentry) and (b) (outlining penalties). He was sentenced to a within-Guidelines 57-months' sentence.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40732

He asserts the court erred by, based on his three-year sentence for possessing a deadly weapon in a penal institution, assessing three criminal-history points under Guideline § 4A1.1(a) (adding "3 points for each prior sentence of imprisonment exceeding one year and one month"); and applying an eight-level enhancement under Guideline § 2L1.2(b)(3)(B) ("increas[ing] by 8 levels" if sentence for felony conviction was "two years or more").  He contends:  in the light of the credit he received for time served, the Government failed to establish, by a preponderance of evidence, he served a term of imprisonment for the deadly-weapon offense.  Molina maintains this erroneously increased his Guidelines sentencing range, therefore, affecting his substantial rights.

Because Molina did not preserve these issues in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.* (citation omitted).

Our court granted the Government's unopposed motion to supplement the record on appeal with state records regarding Molina's serving the deadly-weapon sentence.  We consider "whether there is plain error at the time of appellate consideration"; therefore, we review the record as supplemented on appeal.  *United States v. Wikkerink*, 841 F.3d 327, 332 (5th Cir. 2016) (citation omitted).

The record, as supplemented, shows Molina served at least some period of imprisonment for the deadly-weapon offense.  Accordingly, he has not shown the requisite clear-or-obvious error in the district court's assessing

three criminal-history points for his prior three-year, deadly-weapon sentence. *E.g.*, *United States v. Carlile*, 884 F.3d 554, 557–59 (5th Cir. 2018) (applying plain-error review to whether court erred in "calculating [defendant]'s criminal history score").

Likewise, he fails to show the requisite clear-or-obvious error in the court's applying the eight-level enhancement. *See* Guideline § 2L1.2(b)(3)(B) & cmt. n.2 (defining "[s]entence imposed" as "sentence of imprisonment" from Guideline § 4A1.2 Application Note 2); Guideline § 4A1.2 cmt. n.2 ("To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence . . . . [C]riminal history points are based on the sentence pronounced, not the length of time actually served."); *United States v. Rodriguez-Parra*, 581 F.3d 227, 229–31 (5th Cir. 2009) (applying plain-error review).

AFFIRMED.