# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50604
consolidated with
No. 23-50610

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luiz Ramirez,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 6:21-CR-174-1, 6:21-CR-68-1

_____

Before King, Haynes, and Graves, *Circuit Judges.*

Per Curiam:[*]

Jose Luiz Ramirez appeals his convictions and sentences for possession with the intent to distribute methamphetamine and possession of a firearm after a felony conviction.

Because the record is not sufficiently developed to allow us to make a fair evaluation of Ramirez's claims of ineffective assistance of counsel, we

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50604
c/w No. 23-50610

decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We also decline his request to remand to the district court for resentencing in light of Amendment 821 to the Guidelines, as "the proper mechanism for reviewing such a claim is a motion brought under 18 U.S.C. § 3582(c)(2)." *United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998).

For the first time on appeal, Ramirez argues that the district court procedurally erred by grouping the counts of conviction and by assigning too many criminal history points to certain prior convictions. We review for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021).

Although the district court committed a clear and obvious error by grouping the counts under the Guidelines, Ramirez cannot show that the error affected his substantial rights because his total offense level would have been the same even without the grouping error.[1] *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. McGavitt*, 28 F.4th 571, 579 (5th Cir. 2022).

We also reject his argument that he did not serve any prison time for his prior forgery, evading arrest, and criminal trespass convictions and that the district court therefore erred in scoring those convictions under U.S.S.G. § 4A1.1(b). Ramirez's attempt to rely on *United States v. Carlile*, 884 F.3d 554, 557-58 (5th Cir. 2018), is misplaced, as he has not shown that the sentences for the convictions at issue were fully satisfied by the credit he received for time already served in prison. Moreover, *Carlile* does not stand for the proposition that where a defendant is sentenced to concurrent terms

---

[1] As Ramirez acknowledges, he has waived any challenge to the district court's application of the enhancements under U.S.S.G. §§ 2D1.1(b)(1) and 3C1.2.

No. 23-50604
c/w No. 23-50610

of imprisonment for multiple convictions, the defendant actually serves time only for the conviction with the longest concurrent sentence. *See id.* At best, Ramirez's argument would require the extension of precedent and therefore cannot meet the plain error standard. *See United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022).

Finally, Ramirez argues for the first time on appeal that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). His unpreserved challenge is foreclosed by *United States v. Jones*, 88 F.4th 571, 572-74 (5th Cir. 2023), *cert. denied*, 2024 WL 1143799 (U.S. Mar. 18, 2024) (No. 23-6769).

The district court's judgments are AFFIRMED.