# United States Court of Appeals for the Fifth Circuit

---

No. 23-11244
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 26, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAUL HIRAM MATA-GARDEA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-121-1

---

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.
PER CURIAM:[*]

Raul Hiram Mata-Gardea appeals the within-Guidelines 57-months' sentence imposed following his guilty-plea conviction for illegal reentry after removal, in violation of 8 U.S.C. § 1326(a), (b)(1). He maintains the court erred by: entering judgment under § 1326(b)(1); declining to depart downward based on his cultural assimilation within the United States; and

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

assigning two criminal-history points, instead of one, to his 2014 conviction. Mata also contends the sentence was substantively unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United State*s, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Mata contends he was improperly sentenced under § 1326(b)(1) because the prior felony conviction used to apply that enhancement provision was an element of the offense that had to be either alleged in the indictment and proved beyond a reasonable doubt or admitted by him. Although he correctly concedes his contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he presents the issue to preserve it for possible further review. (Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *E.g.*, *United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019) (discussing precedent preserving *Almendarez-Torres*).)

Next, Mata asserts that the district court reversibly erred in denying his motion for a downward departure under U.S.S.G. § 2L1.2 cmt. n.8, based on cultural assimilation. The court denied the motion, finding that Mata's commission of several felony offenses after illegally reentering this Country indicated a lack of assimilation. This was a proper factor for consideration.

*See* U.S.S.G. § 2L1.2 cmt. n.8 (whether defendant engaged in additional criminal activity after reentry is relevant factor in determining whether downward departure is appropriate). Because the court's denial of relief was discretionary and not the result of a mistaken belief that it had no authority to depart downward, our court lacks jurisdiction to review the decision. *E.g.*, *United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013).

Mata also maintains his within-Guidelines sentence was substantively unreasonable because the court gave too much weight to his prior state conviction for being a felon in possession of a firearm. The parties disagree whether this issue was properly preserved by Mata's request for a 48-month sentence. We need not resolve the standard-of-review question because the contention fails under either standard. *United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (unnecessary to determine preservation when issue would fail under plain-error or abuse-of-discretion standard). The sentence imposed was presumptively reasonable, and Mata has not rebutted that presumption. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (noting our "court applies a rebuttable presumption of reasonableness to a properly calculated, within-[G]uidelines sentence").

Finally, Mata asserts for the first time on appeal that the district court erred in assigning two criminal-history points, rather than one, to his 2014 Texas conviction for possession of a controlled substance. Because Mata (as he concedes) did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Mata must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The record, as supplemented, shows Mata was sentenced to 60 days in the Tarrant County Jail for the 2014 offense and received at least three days of credit for time served toward that sentence. It also shows that he was ordered to participate in a labor detail and that he completed his labor-detail service. In the light of the whole record, it is not clear or obvious that the district court erred in assigning two criminal history points to this prior conviction under U.S.S.G. § 4A1.1(b) rather than one point under § 4A1.1(c). *See* U.S.S.G. §§ 4A1.1, 4A1.2(b)(1) & cmt. n.2; *United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024); *United States v. Carlile*, 884 F.3d 554, 557–58 (5th Cir. 2018).

In the alternative, and as he concedes, the one point makes no difference to Mata's advisory Guidelines sentencing range; and he has not asserted that it affects the district court's choice of sentence. Therefore, he has not shown the requisite effect on his substantial rights. *E.g.*, *United States v. King*, 979 F.3d 1075, 1081 (5th Cir. 2020) ("[W]here a sentencing court makes an error in calculating the Guidelines range that does not have an effect on the ultimate Guidelines range that is applied, the error will be harmless unless the defendant can show that the error somehow affected the ultimate sentence that was imposed."); *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

AFFIRMED.