# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2026

Lyle W. Cayce
Clerk

———————

No. 25-50264
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM FLANAGAN,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-211-1

———————————————————

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

William Flanagan pleaded guilty to possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced Flanagan to 235 months of imprisonment followed by three years of supervised release.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50264

On appeal, Flanagan argues that the district court committed plain error by miscalculating his criminal history score. Because Flanagan did not challenge the assessment of criminal history points in the district court, review is for plain error only. *See United States v. Carlile*, 884 F.3d 554, 556 (5th Cir. 2018). He contends that the district court should have given him only one criminal history point, rather than two, for a conviction for driving while intoxicated. With respect to this assertion, Flanagan has not shown an error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). He also asserts that the district court should not have given him a point for his sentence for resisting arrest and driving under a suspended license. With respect to this error, Flanagan has not shown "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663-64 (5th Cir. 2016) (internal quotation marks and citation omitted).

AFFIRMED.